IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA W. WILEY, CT-9123,<br>     Plaintiff,<br><br>     v.<br><br>SUPT. FOLINO, et al.,<br>     Defendants. | )<br>)<br>)<br>)  Civil Action No. 06-54<br>)<br>)<br>) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the plaintiff's application for leave to proceed in forma pauperis (Docket No.1), be denied in accordance with 28 U.S.C. 1915(g), and that the complaint be dismissed without prejudice to the plaintiff's right to reinstate it by paying the full $250 filing fee within twenty days.

II. Report:

Dana W. Wiley, and inmate at the State Correctional Institution at Greene has presented a civil rights complaint to this Court which he seeks leave to prosecute in forma pauperis. During the course of his incarceration, the plaintiff has filed numerous civil rights actions which he has been permitted to prosecute in forma pauperis.

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting prisoner proceedings in civil cases as an effort to curb the increasing number of frivolous and harassing suits brought by persons in custody. Pertinent to the case at bar are the new restrictions imposed upon prisoners seeking to proceed with civil actions without payment of costs. Specifically, in the PLRA, Congress adopted a new

section known as the "three strikes rule," codified at 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Court records indicate that plaintiff has had at least three (3) prior actions dismissed either as frivolous or for failure to state a claim upon which relief may be granted.

The first strike is Wiley v. United States, No. 99-cv-2668 (D.D.C. Doc. 7 memo order dismissing complaint as frivolous). The second strike is Wiley v. Suge Knight, 05-cv-535 (M.D. Pa. Doc. 9 dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim). The third strike is Wiley v. Shannon, No. 05-cv-1028 (M.D. Pa. Doc.14 order dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim). Finally, on December 29. 2005 at Civil Action No. 1:05-2572 (M.D.Pa.) Judge Caldwell again dismissed a suit brought by the plaintiff on the grounds that his litigation was barred by the three strike rule and he was not in any imminent danger. Thus, Plaintiff has exceeded three strikes.

Although a plaintiff has had at least three previous "strikes," he may be entitled to proceed in forma pauperis under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent

danger in the past are insufficient to trigger the exception to section 1915(g). See <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3d Cir. 2001) (overruling <u>Gibbs v. Roman</u>, 116 F.3d 83, 86 (3d Cir. 1997)).

> "Imminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

<u>Abdul-Akbar</u>, 239 F.3d at 315 (internal citation omitted).

As best we can discern Wiley is challenging the lack of amenities in the "hard cell" where he was house on January 26, 2005. Since those events occurred almost a year ago, they belie the plaintiff's claim that he is in imminent danger.

Accordingly, it is respectfully recommended that the plaintiff's application for leave to proceed in forma pauperis (Docket No.1), be denied in accordance with 28 U.S.C. 1915(g) and that the complaint be dismissed without prejudice to the plaintiff's right to reinstate them by paying the full $250 filing fee within twenty days.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                            Respectfully submitted,

Dated: January 17, 2006                     s/Robert C. Mitchell,
                                              United States Magistrate Judge